I must respectively dissent from the majority Decision and Order reversing the Deputy Commissioner. While both the town of Elkin and Defendant North Carolina Department of Transportation may have had a duty in this case, there was no breach of such duty by Defendant which was the proximate cause of plaintiff's injury. Regardless, the majority in this case by Decision and Order filed June 2, 1997 remanded this matter for a hearing before a Deputy Commissioner on the issue of plaintiff's contributory negligence. By Decision and Order filed April 15, 1999, Deputy Commissioner Garner found contributory negligence on the part of plaintiff and denied recovery. Deputy Commissioner Garner's finding of contributory negligence should be upheld on the grounds that plaintiff was quite familiar with the accident site and had "cruised," as both a passenger and a driver, a loop of road including the accident site over a period of two and one-half years preceding the accident. In "cruising" the loop, the vehicle in which plaintiff was either a driver or passenger crossed the railroad tracks on two occasions, once on Front Street and once on Standard Street. Furthermore, plaintiff's place of employment was located next to the accident scene. Plaintiff was aware that the freight train traveled through town about once a week.
In addition to being familiar with the accident site, plaintiff had ample warning of the oncoming train and failed to keep a proper lookout or yield in the face of the oncoming train. Prior to the accident as plaintiff's vehicle was approaching the crossing, the train sounded its horn twice. Furthermore, the view in the direction of the oncoming train to the left of plaintiff's vehicle was unobstructed. Plaintiff's windows were down and her radio was playing. Regardless, plaintiff failed to keep a proper lookout and instead slowed her vehicle and drove at approximately 15 mph into the path of the oncoming train even as the whistle blew for a third time. The train was on the set of tracks closest to plaintiff's vehicle. Plaintiff testified that she did not hear the whistle and that she did not look to her left before driving onto the tracks. Therefore, plaintiffs own testimony reveals not only contributory negligence but that any possible negligence on the part of defendant in the placement or maintenance of the stop sign was not a proximate cause of the accident. As plaintiff's contributory negligence was the proximate cause of her injuries, she is entitled to no recovery as found by the Deputy Commissioner. Therefore, I respectfully dissent.
This the ___ day of April 2002.
 S/_______________ DIANNE C. SELLERS COMMISSIONER